**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, <br><br> Defendants. | Civil Action No. 2:15-cv-00239-JRG |

**PLAINTIFF'S UNOPPOSED MOTION TO APPROVE REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM
<u>FOREIGN THIRD PARTIES</u>**

Plaintiff Avago Technologies General IP (Singapore) Pte. Ltd. ("Avago") respectfully requests that this Court approve its request for international judicial assistance in procuring evidence from foreign third-parties AzureWave Technologies, Inc. ("AzureWave"), MediaTek, Inc. ("MediaTek"), Realtek Semiconductor Corp. ("Realtek"), and Philips & Lite-On Digital Solutions Corp. ("PLDS").  Counsel for Defendants ASUSTeK Computer Inc. and ASUS Computer International (collectively, "ASUS") has indicated that ASUS does not oppose this Motion.  Specifically, Avago respectfully requests that the Court sign and affix its seal to the accompanying Letters Rogatory, and return the same with original signatures and seals to Avago's counsel for forwarding to the United States Department of State, stating as follows:

**I.   INTRODUCTION**

Avago respectfully moves the Court, pursuant to 28 U.S.C. § 1781 and Federal Rules of Civil Procedure 26(b)(1) and 28(b), for issuance of Letters Rogatory to obtain documents and testimony from foreign Taiwanese third-parties AzureWave, MediaTek, Realtek, and PLDS. These foreign third-parties possess documents and knowledge to be used at trial in support of

1

Avago's allegations of infringement against ASUS.  Accordingly, Avago respectfully requests that the Court grant this Motion and issue Letters Rogatory on behalf of Avago for transmittal to the Appropriate Judicial Authority of Taiwan.

## II.     FACTUAL BACKGROUND

Avago asserts that ASUS infringes U.S. Patent Nos. 5,670,730, 5,870,087, 5,982,830, 6,188,835, 6,430,148, 6,744,387, and 6,982,663 (collectively, the "Asserted Patents").  (Dkt. No. 1.)  The technology of the patents-in-suit relates to, among other things: decoding electronic video and/or audio files (*e.g.*, MPEG); storing audio files (*e.g.*, MP3) on an integrated circuit chip; reading data from an optical disc (*e.g.*, DVD or Blu-ray disc); and use of or compatibility with the IEEE 802.11 wireless standard.

In support of its infringement claims, Avago diligently is pursuing discovery from ASUS.  In order to ensure its search is exhaustive, Avago now seeks discovery regarding particular components of ASUS products that may not be available from ASUS or from public sources.  Specifically, AzureWave, MediaTek, Realtek, and PLDS[1] each make components used in ASUS products which relate to the technology of the Asserted Patents.  AzureWave provides products related to "wireless connectivity" (Declaration of Matthew C. Holohan ("Holohan Decl."), Exs. 1 and 2); MediaTek provides products related to "wireless communications, HDTV, DVD and Blu-ray" (*id.*, Ex. 3); and Realtek provides products related to "wireless communication" and "multimedia" applications (*e.g.*, video and/or audio) (*id.*, Ex. 4).

The Letters Rogatory that are the subject of this Motion are attached hereto as Appendices A, B, and C solicit assistance from the Appropriate Judicial Authority of Taiwan to obtain from AzureWave, MediaTek, Realtek, and PLDS, respectively, documents and testimony

---

[1] In its Motion to Transfer to the Northern District of California, Asus stated that the "optical disk drives in the accused product are supplied by PLDS …."  (Dkt. No. 24 at 9).

relevant to Avago's claims of infringement.  Each of AzureWave, MediaTek, Realtek, and PLDS are headquartered in Taiwan.  Holohan Decl., ¶¶ 5-8.  Avago is thus unable to secure the requested discovery from these third parties through domestic discovery, such as a subpoena pursuant to Fed. R. Civ. Proc. 45.[2]  In addition, Taiwan is not a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and thus Hague Convention proceedings are likewise unavailable.

Further, because the information Avago seeks via Letters Rogatory relates to internal and proprietary functionality of components purchased by ASUS, ASUS is unlikely to possess complete information concerning the functionality of these devices.  Thus, Avago may not be able to obtain complete discovery from ASUS.

**III.   ARGUMENT**

Letters rogatory are the appropriate method of gathering necessary evidence—whether documents or testimony—in a foreign country, like Taiwan, that is not a party to the Hague Convention.  *See, e.g.*, U.S. Dep't of State, *Preparation of Letters Rogatory*, available at http://travel.state.gov/content/travel/english/legal-considerations/judicial/obtaining-evidence/preparation-letters-rogatory.html ("Letters rogatory are the customary means of obtaining judicial assistance from overseas in the absence of a treaty or other agreement.").

It is well established that the federal district courts have authority to issue letters rogatory.  *See* 28 U.S.C. § 1781; 22 C.F.R. § 92.54; Fed R. Civ. P. 28(b); *Texas Keystone, Inc. v. Prime Natural Res., Inc.,* 694 F.3d 548, 553 (5th Cir. 2012).  Whether to issue letters rogatory is a matter of discretion for the court.  *Id.* at 553 (citing *Intel Corp. v. Advanced Micro Devices,*

---

[2] Avago has served subpoenas pursuant to Fed. R. Civ. Proc. 45 on U.S. entities that appear to be affiliated with MediaTek and Realtek.  MediaTek's U.S. entity has indicated that it does not possess the documents or information concerning MediaTek components that Avago seeks.  (Holohan Decl. at ¶ 10)  Realtek's U.S. entity has not yet responded to Avago's subpoena.  AzureWave does not appear to have an affiliated U.S. entity.

*Inc.,* 542 U.S. 241, 247 (2004)).  The Fifth Circuit has highlighted the observation that several courts inform this discretion "by the 'twin aims of the statute,' which are 'to provide efficient means of assistance to participants in international litigation in our federal courts and to encourage foreign countries by example to provide similar means of assistance to our courts.'" *Id.* at 553-54 (citations omitted).  When deciding whether to exercise its discretion, a court will determine whether the use of letters rogatory will facilitate discovery.  *United States v. El-Mesain*, 664 F.3d 467, 518 (5th Cir. 2011) (citing Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2005.1 at 70 (3d ed. 2010) (district court should issue letters rogatory "whenever it is determined on a case-by-case basis that their use will facilitate discovery")).

The attached Letters Rogatory request that a Taiwanese court compel AzureWave, MediaTek, Realtek, and PLDS to produce documents described in the Letters, and that a Taiwanese court compel AzureWave, MediaTek, Realtek, and PLDS to produce a witness or witnesses to respond to questions regarding various deposition topics as set forth in the Letters. As can be seen from the Letters, *see* **App'x A**; **App'x B**; **App'x C**; and **App'x D**, Avago's discovery requests are reasonably calculated to lead to the discovery of admissible evidence relating to components manufactured by AzureWave, MediaTek, Realtek, and PLDS that are incorporated into infringing ASUS devices.  As noted above, each of these companies has made components used in the allegedly infringing ASUS products.

## IV. CONCLUSION

For the foregoing reasons, Avago respectfully requests that the Court grant Avago's motion, sign and affix its seal to the Letters Rogatory attached hereto, and return the same with original signatures and seals to Avago's counsel for forwarding to the United States Department of State.

Dated: June 15, 2015						Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

By:	/s/ Matthew C. Holohan
	Matthew C. Holohan
	mholohan@kilpatricktownsend.com
	David E. Sipiora
	dsipiora@kilpatricktownsend.com
	Kristopher L. Reed
	kreed@kilpatricktownsend.com
	John D. Cadkin
	jcadkin@kilpatricktownsend.com
	1400 Wewatta Street, Suite 600
	Denver, CO, 80202
	Telephone: (303) 571-4000
	Facsimile: (303) 571- 4321

**CAPSHAW DeRIEUX, LLP**
S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Frederick G. Michaud
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

*ATTORNEYS FOR PLAINTIFF AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD.,*

5

## CERTIFICATE OF CONFERENCE

On June 11, 2015, pursuant to Local Rule CV-7(h), counsel for Plaintiff conferred with counsel for Defendants via email, and counsel for Defendants indicated that Defendants do not oppose the relief requested in this Motion.

/s/ John D. Cadkin


## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2015, I cause the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

/s/ Terri K. O'Brien