# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Defendants. | Civil Action No. 2:15-cv-00239-JRG |

## PLAINTIFF'S UNOPPOSED MOTION TO APPROVE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM <u>FOREIGN THIRD PARTIES</u>

Plaintiff Avago Technologies General IP (Singapore) PTE. Ltd. ("Avago") respectfully requests that this Court approve its request for international judicial assistance in procuring evidence from foreign third parties Panasonic Corporation (formerly Matsushita Electric Industrial Co., Ltd.) ("Panasonic/Matsushita"), Toshiba Samsung Storage Technology Corp. ("TSST"), Hitachi-LG Data Storage, Inc. ("HLDS"), and Murata Manufacturing Co., Ltd. ("Murata"). Counsel for Defendants ASUSTeK Computer Inc. and ASUS Computer International (collectively, "ASUS") has indicated that ASUS does not oppose this Motion.

By this Motion, Avago requests that the Court sign and affix its seal to the Letters Rogatory submitted herewith, and return the Letters Rogatory with original signatures and seals to Avago's counsel for forwarding to the United States Department of State.

**I.  INTRODUCTION**

Avago respectfully moves the Court, pursuant to 28 U.S.C. § 1781 and Federal Rules of Civil Procedure 26(b)(1) and 28(b), for issuance of Letters Rogatory to obtain documents and testimony from foreign Japanese third parties Panasonic/Matsushita, TSST, HLDS, and Murata.

These foreign third parties possess documents and knowledge to be used at trial in support of Avago's allegations of infringement against ASUS. Accordingly, Avago respectfully requests that the Court grant this Motion and issue Letters Rogatory on behalf of Avago for transmittal to the Appropriate Judicial Authority of Japan.

## II.   FACTUAL BACKGROUND

Avago asserts that ASUS infringes U.S. Patent Nos. 5,670,730, 5,870,087, 5,982,830, 6,188,835, 6,430,148, 6,744,387, and 6,982,663 (collectively, the "Asserted Patents"). (Dkt. No. 1.) The technology of the Asserted Patents-relates to, among other things: decoding electronic video and/or audio files (*e.g.*, MPEG); storing audio files (*e.g.*, MP3) on an integrated circuit chip; reading data from an optical disc (*e.g.*, DVD or Blu-ray disc); and use of or compatibility with the IEEE 802.11 wireless standard.

In support of its infringement claims, Avago is diligently pursuing discovery from ASUS. In order to ensure its search is exhaustive, Avago now seeks discovery regarding particular component of ASUS products that may not be available from ASUS or from public sources. Specifically, Panasonic/Matsushita, TSST, HLDS, and Murata each make components that are used in ASUS products which relate to the technology of the Asserted Patents. Panasonic/Matsushita makes optical drives for use in notebook computers (*see* Declaration of John Cadkin ("Cadkin Decl."), attached hereto as **Exhibit A,** Ex. 1); TSST makes optical drives for use in notebook computers (*id*., Ex. 2); HLDS makes optical drives for use in notebook computers (*id*., Ex. 3); and Murata provides products related to wireless connectivity (*id*., Ex. 4).

The Letters Rogatory that are the subject of this Motion, attached hereto as **Appendices A, B**, **C**, and **D,** solicit assistance from the Appropriate Judicial Authority of Japan to obtain from Panasonic/Matsushita, TSST, HLDS, and Murata, respectively, certain documents and

testimony relevant to Avago's claims of infringement.  Panasonic/Matsushita, TSST, HLDS, and Murata are each headquartered in Japan (Cadkin Decl., Exs. 5, 6, 7, 8, 9, and 10); Avago is unable to secure the requested discovery from these third parties through domestic discovery, such as a subpoena pursuant to Fed. R. Civ. Proc. 45.[1]  In addition, Japan is not a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention on Evidence"), and thus Hague Convention proceedings are likewise unavailable.  Cadkin Decl., Ex. 11.

Further, because the information Avago seeks via Letters Rogatory relates to internal and proprietary functionality of components purchased by ASUS, ASUS is unlikely to possess complete information concerning the functionality of these devices.  Thus, Avago may not be able to obtain complete discovery from ASUS.

### III.    ARGUMENT

Letters rogatory are the appropriate method of gathering necessary evidence—whether documents or testimony—in a foreign country, like Japan, that is not a party to the Hague Convention on Evidence.  *See, e.g.*, U.S. Dep't of State, *Preparation of Letters Rogatory*, available at http://travel.state.gov/content/travel/english/legal-considerations/judicial/obtaining-evidence/preparation-letters-rogatory.html ("Letters rogatory are the customary means of obtaining judicial assistance from overseas in the absence of a treaty or other agreement."); *see also* Cadkin Decl., Ex. 11.

It is well established that the federal district courts have authority to issue letters rogatory.  *See* 28 U.S.C. § 1781; 22 C.F.R. § 92.54; Fed R. Civ. P. 28(b); *Tex. Keystone, Inc. v.*

---

[1] Avago has served subpoenas pursuant to Fed. R. Civ. Proc. 45 on U.S. entities that appear to be affiliated with Panasonic/Matsushita and Murata. (Cadkin Decl., ¶ 2.)  Panasonic/Matsushita's U.S. entity has indicated that it does not possess the documents or information concerning Panasonic/Matsushita components that Avago seeks. (*Id.,* ¶ 3.)  TSST does not appear to have an affiliated U.S. entity.  (*Id.,* ¶ 2.)  Murata's US entities have not responded.  (*Id.*).

*Prime Natural Res., Inc.,* 694 F.3d 548, 553 (5th Cir. 2012).  Whether to issue letters rogatory is a matter of discretion for the court.  *Tex. Keystone, Inc.*, 694 F.3d at 553 (citing *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 247 (2004)).  The Fifth Circuit has highlighted the observation that several courts inform this discretion "by the 'twin aims of the statute,' which are 'to provide efficient means of assistance to participants in international litigation in our federal courts and to encourage foreign countries by example to provide similar means of assistance to our courts.'"  *Id*. at 553-54 (citations omitted).  When deciding whether to exercise its discretion, a court will determine whether the use of letters rogatory will facilitate discovery.  *United States v. El-Mesain*, 664 F.3d 467, 518 (5th Cir. 2011) (citing Charles Alan Wright, *et al*., Federal Practice and Procedure § 2005.1 at 70 (3d ed. 2010)) (district court should issue letters rogatory "whenever it is determined on a case-by-case basis that their use will facilitate discovery").

The attached Letters Rogatory request that a Japanese court request Panasonic/Matsushita, TSST, HLDS, and Murata to produce documents described in the Letters, and that a Japanese court request Panasonic/Matsushita, TSST, HLDS, and Murata to produce a witness or witnesses to appear before a Japanese judge to provide deposition testimony as to the topics set forth in the Letters.  As can be seen from the Letters, *see* **App'x A**; **App'x B**; **App'x C**; and **App'x D**, Avago's discovery requests are reasonably calculated to lead to the discovery of admissible evidence relating to components manufactured by Panasonic/Matsushita, TSST, HLDS, and Murata that are incorporated into infringing ASUS devices.  As noted above, each of these companies has made components used in the allegedly infringing ASUS products.

**IV.   CONCLUSION**

For the foregoing reasons, Avago respectfully requests that the Court grant Avago's

Motion, sign and affix its seal to the Letters Rogatory attached hereto as **Appendices A**, **B**, **C**, and **D**, and return the Letters Rogatory with original signatures and seals to Avago's counsel (David E. Sipiora, 1400 Wewatta Street, Suite 600, Denver, CO 80202) for forwarding to the United States Department of State.

Dated: July 24, 2015                    Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**

By:   */s/ John D. Cadkin*
John D. Cadkin
jcadkin@kilpatricktownsend.com
Kristopher L. Reed
kreed@kilpatricktownsend.com
David E. Sipiora
dsipiora@kilpatricktownsend.com
Matthew C. Holohan
mholohan@kilpatricktownsend.com
1400 Wewatta Street, Suite 600
Denver, CO, 80202
Telephone: (303) 571-4000
Facsimile: (303) 571- 4321

**CAPSHAW DeRIEUX, LLP**
S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Frederick G. Michaud
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

*Attorneys for Plaintiff*