KILPATRICK TOWNSEND & STOCKTON LLP
David E. Sipiora (SBN 124951)
Kristopher L. Reed (SBN 235518)
Matthew C. Holohan (SBN 239040)
1400 Wewatta St., Suite 600
Denver, CO 80202
Email: dsipiora@kilpatricktownsend.com
Email: kschang@kilpatricktownsend.com
Email: kreed@kilpatricktownsend.com
Email: mholohan@kilpatricktownsend.com
Telephone: (303) 571-4000
Facsimile: (303) 571-4321

Attorneys for Plaintiff
Avago Technologies General IP (Singapore) Pte. Ltd.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Defendants. | CASE NO. 3:15-CV-04525-JST<br><br>**STIPULATED [PR~~OP~~OSED] SUPPLEMENTAL PROTECTIVE ORDER FOR BROADCOM TECHNICAL DOCUMENTS AND SOURCE CODE** |

WHEREAS, the Court entered a Protective Order to protect party and nonparty confidential business information in the above-referenced action on June 16, 2015 (ECF No. 33) ("Protective Order"); and

WHEREAS, Broadcom Corporation ("Broadcom"), a nonparty to this action, has agreed to produce certain highly confidential technical information and make certain highly confidential source code available for review;

WHEREAS Broadcom, Plaintiff Avago Technologies General IP (Singapore) Pte. Ltd., and Defendants ASUSTeK Computer Inc. and ASUS Computer International (each a "party" or, collectively, "parties") have agreed to additional provisions to protect against misuse or disclosure



STIPULATED SUPPLEMENTAL PROTECTIVE ORDER                                                                                        - 1 -

of such Broadcom confidential information;

THEREFORE, The Parties HEREBY STIPULATE AND AGREE, and request a protective order in accordance with Fed. R. Civ. P. 26(c), as follows:

**A.    Relationship to Protective Order**

This Order shall not diminish any existing restriction with respect to designated materials. The parties acknowledge and agree that this Stipulated Supplemental Order is a supplement to the Protective Order and that the Protective Order applies to all material designated pursuant to this Stipulated Supplemental Protective Order. To the extent that any provisions in this Stipulated Supplemental Protective Order and the Protective Order conflict or otherwise differ, however, the provisions providing the higher level of protection to documents and information shall govern.

**B.    Scope**

This Order shall apply to all Broadcom technical documents or Source Code that are produced or provided for inspection in this action. The protections conferred by this Stipulated Supplemental Protective Order cover not only designated Broadcom materials, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Any Party who extracts information from designated Broadcom material is required to appropriately designate any derivative materials created, to the extent that any derivatives are allowed pursuant to this Stipulated Supplemental Protective Order.

**C.    Broadcom Technical Documents**

Any document that Broadcom designates as "OUTSIDE COUNSEL EYES ONLY" may not be shared with any in-house counsel under Paragraph 5(c) of the Protective Order. Otherwise, such documents are to receive all the same protections as if they had been designated "RESTRICTED— ATTORNEYS' EYES ONLY" under the Protective Order.

**D.    Broadcom Source Code**

1.    Broadcom Source Code shall mean register transfer level code, firmware, and other source code of Broadcom that is made available for review under the terms of this Stipulated Supplemental Protective Order. Nothing in this Stipulated Supplemental Protective Order shall constitute an agreement to make any particular Source Code available for review, but the terms of



1 | this Stipulated Supplemental Protective Order shall govern in the event that Broadcom Source Code
2 | is made available for review.

3 |       2.    Broadcom Source Code shall be made available for inspection electronically at
4 | Broadcom's corporate headquarters at 5300 California Avenue, Irvine, California 92617, during
5 | regular business hours (usually 9 a.m. to 5 p.m. PT). The parties will work in good faith to select
6 | dates for the review. Broadcom shall make the Broadcom Source Code available for inspection on
7 | a stand-alone, non-networked personal computer running a reasonably current version of the
8 | Microsoft Windows operating system. If the parties wish to install any other software on the stand-
9 | alone computer for reviewing the Broadcom Source Code, the inspecting parties shall provide, at
10 | their own expense, copies of the requested software at least five (5) days in advance of the date on
11 | which they wish to have the software available for use on the stand-alone computer. Broadcom
12 | shall have an opportunity to review and object to said software for good cause.

13 |       3.    The standalone computer used for review of Broadcom Source Code shall be
14 | equipped to print copies of the Broadcom Source Code on watermarked pre-Bates numbered paper,
15 | which shall be provided by Broadcom. Under no circumstances are original printouts of the
16 | Broadcom Source Code to be made except for directly onto the watermarked and numbered sides of
17 | the paper provided by Broadcom. Wholesale printing of the Code is not permitted; the parties are
18 | presumptively limited to printing of no more than 400 pages of Broadcom Source Code in total,
19 | with no more than 75 consecutive pages from any section or file of the Source Code for any
20 | product. Broadcom agrees to negotiate these presumptive limits in good faith in the event the
21 | parties request leave to exceed the above limits.

22 |       4.    The reviewing party may not remove Broadcom Source Code printouts from the
23 | facility. Broadcom or its counsel will keep the original printouts, and, barring any objection to the
24 | printouts, shall provide five hard copies of such original printouts to each of counsel for Plaintiff
25 | and counsel for Defendants within five (5) business days from the day they were printed.

26 |       5.    Notwithstanding the provisions of Paragraph 10(g) of the Protective Order, and
27 | except as provided in Paragraph 9 below, no additional hard copies or electronic copies of the
28 | Broadcom Source Code printouts shall be made by the receiving party in any circumstances. Hard



1  copies of Broadcom Source Code printouts may not be converted into an electronic document
2  and/or scanned using optical character recognition ("OCR') technology.  All Broadcom Source
3  Code printouts shall be logged by receiving party's outside counsel of record as described in
4  Paragraph D.12 below.

5        6.    Persons reviewing Broadcom Source Code shall not print source code that they have
6  not reviewed at Broadcom's facility in order to review it elsewhere in the first instance, as all
7  parties acknowledge and agree that the purpose of the protections herein would be frustrated by
8  such actions.

9        7.    Parties reviewing Broadcom Source Code are prohibited from bringing outside
10 electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware
11 into the review room.  Nor shall any cellular telephones, personal digital assistants (PDAs),
12 Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks, or other
13 outside electronic devices be permitted inside the review room, except for medical devices,
14 implants, or equipment reasonably necessary for any legitimate medical reason.

15       8.    If any authorized person reviewing Broadcom Source Code seeks to take notes, all
16 such notes will be taken on bound (spiral or other type of permanently bound) notebooks.  No loose
17 paper or other paper that can be used in a printer may be brought into the secure room.  All such
18 notes must be marked as "CONFIDENTIAL BROADCOM SOURCE CODE – OUTSIDE
19 COUNSEL EYES ONLY."

20       9.    Where necessary or required by the Court, the receiving party may make copies of
21 Broadcom Source Code printouts in the form required to be included in pleadings filed under seal,
22 to be included as exhibits in expert reports, or to be used as exhibits in depositions or at trial, but
23 only where:  (a) no reasonable alternative (such as referencing the Broadcom Source Code by page
24 and line number) exists to using Broadcom Source Code materials; (b) such pleadings, expert
25 reports, and transcripts from such depositions or trial themselves are also designated
26 "CONFIDENTIAL BROADCOM SOURCE CODE – OUTSIDE COUNSEL EYES ONLY"; and
27 (c) the party seeking to use Broadcom Source Code in this manner notifies Broadcom at least five
28 business days in advance of doing so.  In the event copies of Broadcom Source Code printouts are



1   used as exhibits at a deposition, the printouts shall not be provided to the court reporter at the
2   conclusion of the deposition.  In no circumstances shall electronic copies of Broadcom Source Code
3   printouts be made for purpose of service of filings.

4         10.     In addition to other reasonable steps to maintain the security and confidentiality of
5   Broadcom Source Code printouts, they must be maintained by the receiving party in a locked
6   storage container at outside counsel of record's offices or at the offices of an outside consultant or
7   expert authorized to receive Broadcom Designated Materials pursuant to Section E when not being
8   actively reviewed.  Printouts or copies may not be transferred by U.S. mail or placed in checked
9   luggage; they must be carried personally by an individual responsible for safe-guarding them.
10  Printouts or copies may be transferred using a reliable courier service such as FedEx, UPS, and the
11  like.

12        11.     The receiving party's outside counsel of record shall keep detailed log(s) recording
13  the identity of each individual beyond outside counsel of record to whom each hard copy of any
14  Broadcom Source Code printout was provided or made available, when it was provided or made
15  available to that person, and which pages were accessed.  Broadcom may request in writing
16  (including email) a copy of the log at any time after the issuance of a final, non-appealable decision
17  resolving all issues in this case, and the log must be provided by the receiving party within fourteen
18  (14) days of any such request.

19        12.     Unless otherwise ordered by the Court or permitted in writing by Broadcom, a
20  receiving party may disclose any information, document, or thing designated "CONFIDENTIAL
21  BROADCOM SOURCE CODE – OUTSIDE COUNSEL EYES ONLY" only to those persons
22  identified in Paragraphs 5(a), 5(b), 5(e) (as modified in Section E below), and 5(g) of the Protective
23  Order.  For clarity, an outside consultant's or expert's direct reports and supporting personnel may
24  not be allowed access as contemplated by Footnote 2 on page 6 of the Protective Order unless they
25  are separately disclosed to Broadcom pursuant to the requirements of Paragraph 5(e).  Additionally,
26  unless otherwise ordered or agreed in writing by Broadcom, which agreement shall not be
27  unreasonably withheld, Broadcom Source Code printouts may not be disclosed to document
28  vendors (such as third-party copy vendors) or mock jurors.



1       13.     The Parties acknowledge that Broadcom Source Code printouts also may be subject
2  to the US government export control and economic sanctions laws, including the Export
3  Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/) administered by
4  the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control
5  Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by
6  the Department of Treasury, Office of Foreign Assets Control ("OFAC").  Receiving Parties and
7  their Outside Consultants may not directly or indirectly export, re-export, transfer or release
8  (collectively, "Export") any Broadcom Source Code printout to any destination, person, or entity
9  outside the United States.

10      14.     Any party intending to disclose or discuss Broadcom Source Code printouts at
11 depositions must give at least five (5) days' advance notice to Broadcom.  In the event a deposition
12 is scheduled with less than five (5) days' advance notice, the party intending to disclose or discuss
13 Broadcom Source Code printouts at that deposition will give as much advance notice to Broadcom
14 as possible.

**E.      Disclosure of Broadcom Designated Materials to Consultants and Experts**

Any party wishing to disclose materials designated by Broadcom as "CONFIDENTIAL BROADCOM SOURCE CODE – OUTSIDE COUNSEL EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" to any outside consultant or expert may do so only after complying with the notice provisions of Paragraph 5(e) of the Protective Order (except that Broadcom shall have fourteen days from the date of the objection to file any motion seeking a protective order, if the parties are unable to negotiate a resolution without motion practice meanwhile) and providing Broadcom with an executed version of the Certification found in Exhibit 1 to this Stipulated Supplemental Protective Order for each such outside consultant or expert.



1   **F.     Notice Before Use at Hearing or Trial**

2   Notwithstanding the provisions of Paragraph 17 of the Protective Order, any party using any
3   designated Broadcom information at any hearing or trial in this litigation must give Broadcom at
4   least fourteen (14) days' advance notice of their intent to do so.

5   **G.     Prosecution, Development, and Patent Acquisition Consulting Bar**

6   1.     Unless otherwise permitted in writing between Broadcom and any receiving party,
7   any individual who personally receives any material designated "CONFIDENTIAL BROADCOM
8   SOURCE CODE – OUTSIDE COUNSEL EYES ONLY" or "OUTSIDE COUNSEL EYES
9   ONLY" shall not participate in amending or drafting patent specifications or claims before a Patent
10  Office of any patent or patent application substantially related to the particular technology or
11  information disclosed in the designated Broadcom materials, from the time of receipt of such
12  material through until at least two years after the individual person(s) cease to have access to the
13  designated materials (and any derivative materials).  This provision shall not apply to post-grant
14  adversarial proceedings, including reexamination or opposition proceedings filed in relation to the
15  patents-in-suit or foreign counterparts.

16  2.     Unless otherwise permitted in writing between Broadcom and any receiving party,
17  any Outside Consultant retained on behalf of any receiving party who is to be given access to
18  material designated as "CONFIDENTIAL BROADCOM SOURCE CODE – OUTSIDE
19  COUNSEL EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" must agree in writing not to
20  perform commercial product development work substantially related to the particular technology or
21  information disclosed in the designated Broadcom materials from the time of first receipt of such
22  material through until at least two years after the Outside Consultant ceases to have access to the
23  designated material (and any derivative materials).

24  3.     Unless otherwise permitted in writing between Broadcom and any receiving party,
25  any Outside Consultant retained on behalf of the receiving party and any Outside Counsel for the
26  receiving party who is to be given access to material designated as "CONFIDENTIAL
27  BROADCOM SOURCE CODE – OUTSIDE COUNSEL EYES ONLY" or "OUTSIDE
28  COUNSEL EYES ONLY" must agree in writing not to advise anyone regarding the purchase or



STIPULATED SUPPLEMENTAL PROTECTIVE ORDER                                  - 7 -

acquisition of patents for assertion against Broadcom from the time of first review of such material and through two years after their last access to the designated materials (and any derivative materials).

**H.     Duration**

Even after the termination of this action, the confidentiality and other obligations imposed by this Stipulated Supplemental Protective Order shall remain in effect.

**I.     Final Disposition**

The provisions of Paragraph 23 of the Protective Order shall apply to designated Broadcom materials except that, for clarity, all copies of all Broadcom Source Code printouts shall be returned to Broadcom within 30 days of the conclusion of this litigation.

Dated:  October 7, 2015

Respectfully submitted,                                             Respectfully submitted,


/s/Matthew C. Holohan                                              /s/Michael J. Newton
Matthew C. Holohan                                                 Michael J. Newton
KILPATRICK TOWNSEND & STOCKTON LLP                                 ALSTON & BIRD LLP
1400 Wewatta Street                                                2828 North Harwood Street
Suite 600                                                          18th Floor
Denver, CO 80202                                                   Dallas, TX 75201
Telephone:     (303) 405-1477                                      Telephone:     (214) 922-3423
Facsimile:     (303) 379-5676                                      Facsimile:     (214) 922-3863
Email: MHolohan@kilpatricktownsend.com                             Email:         Mike.Newton@alston.com

*Counsel for Plaintiff Avago Technologies General IP (Singapore) Pte. Ltd.*          *Counsel for Defendants ASUSTeK Computer, Inc. and ASUS Computer International*

IT IS SO ORDERED

DATED:  10/19/15





STIPULATED SUPPLEMENTAL PROTECTIVE ORDER                                                                     - 8 -

## EXHIBIT 1

### CERTIFICATION OF CONSULTANT REGARDING STIPULATED SUPPLEMENTAL PROTECTIVE ORDER FOR BROADCOM CONFIDENTIAL MATERIALS

I, _____, of _____, am an employee of _____. I am not an employee of the party who retained me in this action, nor am I an employee of a competitor of either Broadcom or any party to this action. I will not use any Broadcom confidential materials or any information derived from them for any purpose other than my work in this litigation, *Avago Technologies General IP (Singapore) Pte. Ltd. v. ASUSTek Computer Inc. and ASUS Computer International*, Case No. 2:15-cv-239 (E.D. Tex.). I agree not to participate in amending or drafting patent specifications or claims before a Patent Office of any patent or patent application substantially related to the particular technology or information disclosed in any designated Broadcom materials, I agree not to perform commercial product development work relating to the technology or information disclosed in any designated Broadcom materials, and I agree not to advise anyone regarding the purchase or acquisition of patents for assertion against Broadcom having claims that read on Broadcom products from the time of my first review of such material and through until two years after I last access any Broadcom material designated "CONFIDENTIAL BROADCOM SOURCE CODE – OUTSIDE COUNSEL EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" as well as any materials that contain or disclose Broadcom Material so designated.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed On_____.

_____
[Printed Name]

_____
[Signature]

67794257v1

