# APPENDIX B

KILPATRICK TOWNSEND & STOCKTON LLP
David E. Sipiora (SBN 124951)
Kristopher L. Reed (SBN 235518)
Matthew C. Holohan (SBN 239040)
1400 Wewatta Street
Denver, CO 80202
Telephone:   (303) 571-4000
Facsimile:   (303) 571-4321
Email:   dsipiora@kilpatricktownsend.com
         kreed@kilpatricktownsend.com
         mholohan@kilpatricktownsend.com

Robert J. Artuz (SBN 227789)
Eighth Floor, Two Embarcadero Center
San Francisco, CA 94111
Telephone:   (415) 273-4713
Facsimile:   (415) 576-0300
Email:   rartuz@kilpatricktownsend.com

Attorneys for Plaintiff
AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, <br><br> Defendants. | Case No. 15-cv-04525-EMC <br><br> **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE** <br><br> **(LETTER ROGATORY)** |



1
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
Case No. 15-cv-04525-EMC

TO THE APPROPRIATE JUDICIAL AUTHORITY OF TAIWAN:

The United States District Court for the Northern District of California presents its compliments to the Appropriate Judicial Authority of Taiwan, and requests international assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

The Court requests the assistance described herein in the interests of justice.

## I.   REQUEST

The Court requests that the Appropriate Judicial Authority of Taiwan compel production of documents from the following corporate entity:

**Phillips & Lite-On Digital Solutions Corporation**

16 F, 392, Ruey Kuang Road

Neihu, Taipei, 114, Taiwan, R.O.C.

Specifically, the Court requests that Phillips & Lite-On Digital Solutions Corp. ("PLDS") produce the documents and things set out in **Exhibit A** to this Request.

The Court further requests that the Appropriate Judicial Authority of Taiwan compel PLDS to provide testimony as to the topics set forth in **Exhibit B** to this Request. With respect to methods and procedures to be followed in connection with the requested deposition, the Court respectfully requests that, to the extent possible under Taiwanese law: (a) PLDS be required to designate one or more officers, directors, or managing agents, or other person(s) who consent to testify on its behalf as to the topics set forth in **Exhibit B**; (b) an appropriate judicial officer of Taiwan direct that the PLDS witness(es) be duly sworn in accordance with the applicable laws and procedures of Taiwan; (c) the examination be conducted orally; (d) the parties' legal representatives, their interpreters, and a stenographer be permitted to be present during the examination; and (e) the stenographer be permitted to record verbatim the examination, and a full transcript of the examination, in translation from Mandarin Chinese to English through a qualified interpreter, be made at the time of the examination.

The Court understands that the documents and information requested may be of a confidential nature. As such, there is an protective order in this case to protect the confidentiality of any documents produced and of any responses to the written questions. A copy of the



protective order is attached hereto as **Exhibit C**. The parties in the above-captioned matter may negotiate a more-detailed protective order. If the Court enters a new order, it will be sent separately.

## II.   FACTS

Plaintiff Avago Technologies General IP (Singapore) PTE. Ltd. ("Avago") filed suit against Defendants ASUSTeK Computer Inc. and ASUS Computer International (collectively "ASUS") in the United States District Court for the Eastern District of Texas, seeking a judgment that ASUS infringes U.S. Patent Nos. 5,670,730, 5,870,087, 5,982,830, 6,188,835, 6,430,148, 6,744,387, and 6,982,663 (collectively, the "Asserted Patents"). On September 25, 2015, the case was transferred to the Northern District of California. Avago seeks an award of damages from ASUS to compensate for the alleged patent infringement. The technology described and claimed in the Asserted Patents relates to, among other things: decoding electronic video and/or audio files (*e.g.*, MPEG); storing audio files (*e.g.*, MP3) on an integrated circuit chip; reading data from an optical disc (*e.g.*, DVD or Blu-ray disc); and use of or compatibility with the IEEE 802.11 wireless standard.

Through its investigation, Avago has determined that PLDS makes components that are used in the allegedly infringing devices made and sold by ASUS. Thus, it appears that PLDS possesses information of relevance to Avago's claims of infringement in this patent litigation.

## III.   EVIDENCE

The documents requested to be produced are identified in **Exhibit A**. The deposition topics to which PLDS's testimony is requested are set forth in **Exhibit B**.

## IV.   OFFER OF RECIPROCAL ASSISTANCE

The United States District Court for the Northern District of California is willing to provide similar assistance to the Appropriate Judicial Authority of Taiwan. *See* 28 U.S.C. § 1782.

## V.   REIMBURSEMENT FOR COSTS

Avago's counsel is willing to reimburse the Appropriate Judicial Authority of Taiwan for costs and expenses incurred in executing this Letter Rogatory.

1  Dated: _____  _____

2
Hon. Edward M. Chen
3  United States District Judge
United States District Court for the Northern District of California
4  450 Golden Gate Avenue,
San Francisco, CA  94102
5  United States of America

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# EXHIBIT A

## DOCUMENTS REQUESTED

## DEFINITIONS AND INSTRUCTIONS

*DEFINITIONS*

1. "PLDS," "You," "you," "Your," or "your" shall mean and refer to Phillips & Lite-On Digital Solutions Corporation and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by PLDS, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys, and others acting for or on behalf of these same entities.

2. "Defendants" shall mean and refer to Defendants ASUSTeK Computer Inc. and ASUS Computer International, and all predecessors, successors, subsidiaries, divisions, parents, and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly owned or controlled by Defendants, either directly or indirectly, and all past or present directors, officers, owners, employees, agents, representatives, consultants, attorneys, and others acting for or on behalf of these same entities.

3. "Plaintiff" or "Avago" shall mean and refer to Avago Technologies General IP (Singapore) Pte. Ltd., its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates, and any persons or entities who are, or at any time to which the Letter Rogatory relates were acting on behalf of Avago.

4. The "'730 patent" means U.S. Patent No. 5,670,730.

5. The "'087 patent" means U.S. Patent No. 5,870,087.

6. The "'835 patent" means U.S. Patent No. 6,188,835.

7. The "'148 patent" means U.S. Patent No. 6,430,148.

8. The "'663 patent" means U.S. Patent No. 6,982,663.

9. The "'387 patent" means U.S. Patent No. 6,744,387.

10. The "'830 patent" means U.S. Patent No. 5,982,830.



5
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
Case No. 15-cv-04525-EMC

11.     The term "Patents-in-Suit" means and refers to, individually and collectively, the '730, '087, '835, '148, '663, '387, and '830 patents, as defined herein.

12.     The term "Optical Component(s)" or "Component(s)" means component(s) adapted to or capable of reading data from an optical disc (such as DVD or Blu-ray disc), including without limitation optical disk drives, including without limitation PLDS Part Nos. DA-8A5SH, DA-8A5SH-L, DH-12B2SH, DH-12E3SH, DL-8A4SH, DS-6E2SH, DS-8A5SH, DS-8A8SH, and DS-8A9SH.

13.     "Accused Product(s)" means any activity, product, process, method, system, apparatus, or thing made, used, sold, or offered for sale by Defendants or imported into the United States by Defendants that infringes one or more claims of the Patents-in-Suit, including, without limitation, ASUS Model Nos. T100TAF, GS751JM, M11BB-B07, X102BA, and/or TF701T. "Accused Product(s)" includes but is not limited to Defendants' products containing Components.

14.     "Source Code" means computer source and/or object code (*e.g.*, RTL, HDL, VHDL, Verilog, *etc.*), whether in printed or electronic form.

15.     The term "Litigation" means the patent infringement case entitled *LSI Corp., et al. v. Funai Electric Co., Ltd., et al.,* Case No. 15-cv-04307-EMC pending in the United States District Court for the Northern District of California.

16.     The term "Letter Rogatory" means the Request for Judicial Assistance (Letter Rogatory) filed in this Litigation which this **Exhibit A** is attached thereto.

17.     The term "document" refers to documents and electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained, and includes all preliminary and final drafts of any such item.

18.     The term "all documents" means any and all documents that PLDS can locate through a diligent search of all locations likely to contain the documents requested herein and through a reasonable inquiry of all persons likely to know of the existence of the documents requested herein.



6
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
Case No. 15-cv-04525-EMC

19. "Concerning" means regarding, relating to, concerning, pertaining to, referring to, describing, discussing, reflecting, stating, mentioning, comprising, containing, including, summarizing, explaining, providing context to, commenting upon, embodying, showing, demonstrating, evidencing, constituting, consisting of, supporting, contradicting, resulting from, or to be in any way logically or factually connected with the matter specified.

20. The terms "and," "or," and "and/or" shall be construed conjunctively or disjunctively, whichever maximizes the scope of the document request, and shall not be interpreted to limit the scope of these requests.

21. The terms "any" and "all" mean "any and all."

22. The terms "each" and "every" mean "each and every."

23. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

24. The singular form of any word shall be construed to include the plural. The plural form of any word shall be construed to include the singular.

*INSTRUCTIONS*

1. In responding to the following document requests, furnish all available documents in the possession, custody, or control of PLDS.

2. If you lack the ability to comply with a particular document request, specify whether the inability to comply is because the particular document or category of documents requested never existed; has been destroyed; has been lost or misplaced; has been stolen; or has never been or is no longer in your possession, custody, or control. If the particular document or category of documents is no longer in your possession, custody, or control, identify the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of documents.

3. If you contend a particular document or category of documents contains trade secret or other confidential research, development, or commercial information, please mark the document or documents as such, as required by the protective order attached to this Letter Rogatory as **Exhibit C**.



7
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
Case No. 15-cv-04525-EMC

## DOCUMENT REQUESTS

1. Documents sufficient to identify each of Your products or Components sold or otherwise provided to Defendants (including those products or Components sold or otherwise provided to any entities participating in the design, manufacture, assembly, or testing of any product of Defendants) into any product of Defendants since 2009.

2. For each of Your products or Components identified in response to Request No. 1, documents sufficient to identify the product name, model and revision number, and product family.

3. For each of Your products or Components identified in response to Request No. 1, documents sufficient to describe the identification and meaning of all chip or die markings or codes, such as model number, lot code, and the like.

4. Documents sufficient to show each product of Defendants into which any of your products or Components are incorporated.

5. For each of Your products or Components identified in response to Request No. 1, Documents sufficient to show the supply, manufacturing, and distribution chain for each of Your products or Components, from their point(s) of manufacture to their point(s) of incorporation into any product of Defendants.

6. For each of Your products or Components identified in response to Request No. 1, all Documents Concerning the design, layout, operation, and/or function of any product or Component used in any product sold by or on behalf of Defendants, including but not limited to, manufacturing drawings, datasheets, blueprints or other technical diagrams, design and engineering specifications, computer modeling information, Source Code, and development and testing information.

7. All Source Code designed, written, compiled, produced and/or used by You Concerning any Component used in any product sold by or for the benefit of Defendants, and all Documents Concerning such Source Code.

8. All Documents relating to testing and/or certification of any of Your products and/or Components used in any product sold by or for the benefit of Defendants, including Documents relating to compliance with any standard.



8
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
Case No. 15-cv-04525-EMC

9. All Documents and Communications with Defendants Concerning the Accused Products, any Component(s), Avago, the Litigation, the Patents-in-Suit, or the Letter Rogatory, including without limitation Documents Concerning the purchase, sale and/or pricing of any product.

10. All Documents Concerning supply agreements, statements of work, plans of record, purchase orders, engineering requirement specifications, mechanical outlines, and/or the pricing of Components and associated technology between You and Defendants or between You and any third-party for any product or Component used in any Accused Products.

11. Documents sufficient to identify on a monthly basis products or Components sold and/or shipped to Defendants.



# EXHIBIT B

## DEPOSITION TOPICS

1. The origins and maintenance of Documents produced by You in response to the Letter Rogatory including: (a) authentication of the Document(s); (b) its status as a business record; and (c) the circumstances under which the Document was prepared, for what purpose, to whom it was distributed or intended to be distributed, and how it was preserved and maintained.

2. The design, development, and manufacture of any Component(s) sold or otherwise provided to Defendants or to any third-party for inclusion or use within any product sold by or on behalf of Defendants.

3. The product name, model and revision number, and product family of Components sold or otherwise provided to Defendants or any third-party for inclusion or use within any product sold by or on behalf of Defendants, including without limitation identification and meaning of all chip or die markings or codes, such as model number, date, and lot code.

4. The products made, sole, or offered for sale by Defendants into which Your products or Components are incorporated.

5. Sales (including the number of units shipped and associated revenue) of each product or Component sold or otherwise provided to Defendants or any third-party for inclusion or use within any product sold by or on behalf of Defendants.

6. The supply and distribution chain for Your products and Components, from their point(s) of manufacture to their point(s) of incorporation into any product sold by or for the benefit of Defendants.

7. The structure, function, and operation of Your products and Components sold or otherwise provided to Defendants.

8. Systems, methods, instructions, or protocols for controlling, programming, interacting with, or communicating with Your products and/or Components for use with any product sold by or for the benefit of Defendants.

9. Testing and/or certification of Your products and/or Components with respect to use of or compliance with any standard.



10. Requests by Defendants for documents or information within the possession, custody, or control of You or any entity related, directly or indirectly, with You.

11. Communications between You and Defendant Concerning Your products and/or Components and any product of Defendants.

12. Communications between You and Defendants Concerning Avago, the Litigation, the Patents-in-Suit, and/or this Letter Rogatory.

67840811V.3



REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)
Case No. 15-cv-04525-EMC