**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD.,

Plaintiff,

v.

ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,

Defendants.

Case No. 3:15-CV-04525-EMC

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

**(LETTER OF REQUEST)**

TO THE APPROPRIATE JUDICIAL AUTHORITY OF CHINA:

The United States District Court for the Northern District of California presents its compliments to the Appropriate Judicial Authority of China, and requests international assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. The Court requests the assistance described herein in the interests of justice.

The civil proceeding captioned above is a patent infringement action now pending in the United States District Court for the Northern District of California, in which Plaintiff Avago Technologies General IP (Singapore) PTE. Ltd. (“Avago”) filed suit against Defendants ASUSTeK Computer Inc. and ASUS Computer International (collectively “ASUS”) seeking a judgment that ASUS infringes U.S. Patent Nos. 5,670,730, 5,870,087, 5,982,830, 6,188,835, 6,430,148, 6,744,387, and 6,982,663 (collectively, the “Asserted Patents”). Avago seeks an award of damages from ASUS to compensate for the alleged patent infringement. The technology described and claimed in the Asserted Patents relates to, among other things:

decoding electronic video and/or audio files (*e.g.*, MPEG); storing audio files (*e.g.*, MP3) on an integrated circuit chip; reading data from an optical disc (*e.g.*, DVD or Blu-ray disc); and use of or compatibility with the IEEE 802.11 wireless standard. Through its investigation, Avago has determined that Compal Information Technology (Kunshan) Co. Ltd. ("Compal") makes components that are used in the allegedly infringing devices made and sold by ASUS. Thus, it appears that Compal possesses information of relevance to Avago's claims of infringement in this patent litigation which is necessary for the purposes of justice and for the due determination of the issues in the dispute between the parties in the above-captioned matter.

The undersigned as a United States District Judge of the United States District Court for the Northern District of California (located at the United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102 and with phone number (415) 522-2000), hereby issues this Letter of Request for judicial assistance to the Competent Authority of China in accordance with the Hague Convention of March 18, 1970, on the Taking of Evidence Abroad in Civil or Commercial Matters, as follows:

| | | |
|---|---|---|
| 1. | Sender | The Honorable Edward M. Chen<br>United States District Court of the Northern District of California<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 |
| 2. | Central Authority of the Requested State | Ministry of Justice<br>International legal Cooperation Center (ILCC)<br>6, Chaoyangmen Nandajie<br>Chaoyang District<br>Beijing<br>P.C. 100020<br>People's Republic of China |

| | | |
|---|---|---|
| 3. | Person to whom the executed request is to be returned | Kilpatrick Townsend & Stockton LLP<br>Matthew C. Holohan<br>1400 Wewatta Street, Suite 600<br>Denver, CO, 80202<br>USA<br>Telephone: (303) 571-4000<br>Facsimile: (303) 571- 4321<br>E-mail: mholohan@kilpatricktownsend.com |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | As soon as practicable. |

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:**

| | | | |
|---|---|---|---|
| 5. | | | |
| | a. | Requesting judicial authority (Article 3, a) | The Honorable Edward M. Chen<br>United States District Court of the Northern District of California<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 |
| | b. | To the competent authority of (Article 3, a) | Ministry of Justice<br>International legal Cooperation Center (ILCC)<br>6, Chaoyangmen Nandajie<br>Chaoyang District<br>Beijing<br>P.C. 100020<br>People's Republic of China |
| | c. | Names of the case and any identifying number | *Avago Technologies General IP (Singapore) Pte. Ltd. v. ASUSTeK Computer Inc. et al.*, Case No. 3:15-cv-04525-EMC (N.D. Cal.) |
| 6. | Names and addresses of the parties and their representatives (including representatives in the requested State (Article 3, b) | | |
| | a. | Plaintiff | Avago Technologies General IP (Singapore) Pte. Ltd. |

| | | | |
|---|---|---|---|
| | | Representatives | Kilpatrick Townsend & Stockton LLP<br>1400 Wewatta Street, Suite 600<br>Denver, CO 80202 |
| | b. | Defendants | ASUSTeK Computer Inc. and ASUS Computer International |
| | | Representatives | Alston & Bird LLP<br>2828 North Harwood Street, Suite 1800<br>Dallas, TX 75201 |
| | c. | Other parties | Not applicable |
| | | Representatives | Not Applicable |
| 7. | | | |
| | a. | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c) | This legal dispute is an existing civil action that commenced on February 20, 2015. On that date, Plaintiff Avago Technologies General IP (Singapore) Pte. Ltd. ("Avago") filed a complaint in the United States District Court for the Eastern District of Texas, alleging infringement of United States Patent Nos. 5,670,730; 5,870,087; 5,982,830; 6,188,835; 6,430,148; 6,744,387; and 6,982,663 (collectively the "Asserted Patents") by Defendants ASUSTek Computer Inc. and ASUS Computer International (collectively "ASUS"). The case was then transferred to the Northern District of California on September 25, 2015, and was assigned to Judge Edward M. Chen.<br><br>Through an investigation, Avago has determined that Compal Information technology (Kunshan) Co. Ltd. ("Compal") makes components that are used in the allegedly infringing devices made and sold by ASUS. Thus, it appears that Compal possesses information of relevance to Avago's claims of infringement in this patent litigation. As such, Avago respectfully requests permission to obtain documents from Compal, as set forth in **Exhibit A**. Avago understands that a subpoena will be required to obtain these documents. Avago seeks these documents to obtain evidence that is anticipated to be used at trial. |
| 8. | | | |

| | | |
|---|---|---|
| a. | Evidence to be obtained or other judicial act to be performed (Article 3, d) | The evidence requested herein consists of documents from Compal relating to the Asserted Patents. Plaintiff anticipates that this evidence will be used at trial. |
| b. | Purpose of the evidence or judicial act sought | The evidence sought from Compal will be covered by the Protective Order in this action, attached hereto as **Exhibit C**, and is anticipated that this evidence will be used at trial. Through an investigation, Plaintiff has determined that Compal makes components that are used in the allegedly infringing devices made and sold by ASUS. Thus, it appears that Compal possesses information of relevance to Avago's claims of infringement in this patent litigation. |
| 9. | Identity and address of any person to be examined (Article 3, e) | Compal Information Technology (Kunshan) Co. Ltd.<br>No. 58, First Avenue, A Zone<br>Kunshan Comprehensive Free Trade Zone<br>Kunshan, 215300<br>Jiangsu<br>China |
| 10. | Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3, f) | |
| 11. | Documents or other property to be inspected (Article 3, g) | Compal will also be asked to produce the documents listed in **Exhibit A**. |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | |

| | | |
|---|---|---|
| 13. | Special methods or procedure to be followed (*e.g.* oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3, i and 9) | |
| 14. | | |
| 15. | Request for notification of the time and place for the execution of the Request and identity of any person to be notified (Article 7) | Kilpatrick Townsend & Stockton LLP<br>Matthew C. Holohan<br>1400 Wewatta Street, Suite 600<br>Denver, CO, 80202<br>USA<br>Telephone: (303) 571-4000<br>Facsimile: (303) 571- 4321<br>E-mail: mholohan@kilpatricktownsend.com |
| 16. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | Plaintiff requests that counsel for Plaintiff and Defendants, and/or local counsel based in China, be allowed to attend and participate in the examination, if any. |
| 17. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Under the laws of the United States, a witness has a privilege to refuse to provide evidence if the evidence discloses a confidential communication between that witness and an attorney for that witness that was made for the purpose of obtaining legal advice.<br><br>United States law also recognizes a privilege against criminal self-incrimination.<br><br>Outside the strict area of privilege, certain limited immunities are available that may place restriction on the giving of evidence, such as the limited protection of documents crated as the work product of attorneys during or in anticipation of litigation. |

| 18. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Plaintiff |
|---|---|---|

Dated: December 9, 2015

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge Edward M. Chen

Hon. Edward M. Chen
United States District Judge
United States District Court for the Northern District of California
450 Golden Gate Avenue,
San Francisco, CA 94102
United States of America

# EXHIBIT A

## DOCUMENTS REQUESTED

## DEFINITIONS AND INSTRUCTIONS

*DEFINITIONS*

1. "Defendants" shall mean and refer to Defendants ASUSTeK Computer Inc. and ASUS Computer International, and all predecessors, successors, subsidiaries, divisions, parents, and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly owned or controlled by Defendants, either directly or indirectly, and all past or present directors, officers, owners, employees, agents, representatives, consultants, attorneys, and others acting for or on behalf of these same entities.

2. "Plaintiff" or "Avago" shall mean and refer to Avago Technologies General IP (Singapore) Pte. Ltd., its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates, and any persons or entities who are, or at any time to which the Letter relates were acting on behalf of Avago.

3. "Compal," "You," "you," "Your," or "your" shall mean and refer Compal Information Technology (Kunshan) Co. Ltd., and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other legal entities that are or were wholly or partially owned or controlled by Compal, either directly or indirectly, and all past or present directors, officers, owners, agents, attorneys, and others acting for or on behalf of these same entities.

4. The "'730 Patent" means U.S. Patent No. 5,670,730.

5. The "'087 Patent" means U.S. Patent No. 5,870,087.

6. The "'830 Patent" means U.S. Patent No. 5,982,830.

7. The "'835 Patent" means U.S. Patent No. 6,188,835.

8. The "'148 Patent" means U.S. Patent No. 6,430,148.

9. The "'387 Patent" means U.S. Patent No. 6,744,387.

10. The "'663 Patent" means U.S. Patent No. 6,982,663.

11. The term "Patents-in-Suit" means and refers to, individually and collectively, the '730 Patent, the '087 Patent, the '830 Patent, the '835 Patent, the '148 Patent, the '387 Patent, and the '663 Patent.

12. The term "Component(s)" means any product, system, software, or method, in whole or in part, that complies with, is compatible with, or implements any part of any version of 802.11 standard, including without limitation Clause 18 (titled "Orthogonal frequency division multiplexing (OFDM) PHY specification"), including, without limitation, Compal Part No. 71IU4388001.

13. "Accused Product(s)" means any activity, product, process, method, system, apparatus, or thing made, used, sold, or offered for sale by Defendants or imported into the United States by Defendants that infringes one or more claims of the Patents-in-Suit, including, without limitation, ASUS Model Nos. T100TAF, G751JM, M11BB-B07, X102BA, and/or TF701T. "Accused Product(s)" includes but is not limited to Defendants' products containing Components.

14. "Source Code" means computer source and/or object code (*e.g.*, RTL, HDL, VHDL, Verilog, *etc.*), whether in printed or electronic form.

15. "Third Party" means anyone other than Plaintiff or Defendants.

16. The "Litigation" means the action styled *Avago Technologies General IP (Singapore) Pte. Ltd. v. ASUSTeK Computer Inc. et al.*, Case No. 3:15-cv-04525-EMC (N.D. Cal.).

17. "USPTO" means the United States Patent and Trademark Office.

18. The term "Document" or "document" is used in its customary broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and includes, without limitation, the following items, whether handwritten, printed, recorded, filmed, or produced by any other mechanical or electronic process, including computer tapes, disks, ROM, CD-ROM or any other data storage media (whether or not it is in machine-readable form), whether or not asserted to be privileged or immune from discovery and whether master or original or copy: agreements; communications, including intracompany communications and communications between individual corporate respondents; correspondence; cablegrams, radiograms, telegrams, telexes, and telecopies; notes and memoranda, summaries and minutes of conferences; summaries and records of personal conversations or interviews; books, manuals, publications, brochures and diaries; time logs, daily planners, and log books; laboratory and engineering reports and notebooks; specifications or bills of materials; charts; plans; sketches; diagrams and drawings; blueprints and other engineering drawings; foils, slides, negatives; promotional proposals; photographs; reports and/or summaries of investigations; opinions and reports of consultants; patents, design registrations, and applications for any of them; patent appraisals and patentability or validity searches and studies; opinions of counsel; sales records, including purchase orders and invoices; reports and summaries of negotiations; pamphlets; catalogs and catalog sheets; advertisements; circulars; trade letters; press, publicity, trade and product releases; drafts of, or original, preliminary notes or marginal notations appearing on any document; other reports and

records; computer tapes or cards, electronic mail and any other information-containing paper or other medium. A draft of a non-identical copy is a separate document within the meaning of this term.

19. The term "Thing" or "thing" means any tangible object other than a Document including without limitation objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

20. The term "Communication" or "communication" includes all instances in which information has been transmitted from one person or entity to another in the form of facts, ideas, inquiries, and otherwise, including but not limited to, telephone conversations, meetings, conferences, correspondence, other mailings, telexes, cables, telecopied transmissions, facsimiles, e-mails or other data transmissions of any type or nature, whether oral, electronic or written.

21. "Concerning" means regarding, relating to, concerning, pertaining to, referring to, describing, discussing, reflecting, stating, mentioning, comprising, containing, including, summarizing, explaining, providing context to, commenting upon, embodying, showing, demonstrating, evidencing, constituting, consisting of, supporting, contradicting, resulting from, or to be in any way logically or factually connected with the matter specified.

22. The term "Person" or "person" refers to natural persons (living or deceased), to corporate or other business entities (whether or not in the employ of the plaintiff), and to legal and governmental entities or associates. The acts and knowledge of a person are defined to include the acts and knowledge of a corporate or other business entity's directors, officers, members, employees, representatives, agents, and attorneys.

23. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

24. The singular shall be deemed to include the plural, the plural to include the singular, and words in the masculine, feminine, or neuter shall include each of the other genders as necessary to make the Request inclusive rather than exclusive.

*INSTRUCTIONS*

1. In responding to the following document requests, furnish all available documents in the possession, custody, or control of Compal.

2. If you lack the ability to comply with a particular document request, specify whether the inability to comply is because the particular document or category of documents requested never existed; has been destroyed; has been lost or misplaced; has been stolen; or has never been or is no longer in your possession, custody, or control. If the particular document or category of documents is no longer in your possession, custody, or control, identify the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of documents.

3. If you contend a particular document or category of documents contains trade secret or other confidential research, development, or commercial information, please mark the document or documents as such, as required by the protective order attached to this Letter of Request as **Exhibit C**.

*DOCUMENT REQUESTS*

1. Documents sufficient to identify each of Your products or Components sold or otherwise provided to Defendants (including those products or Components sold or otherwise provided to any entities participating or involved in the design, manufacture, assembly, or testing of any product of Defendants) into any product of Defendants since 2009.

2. For each of Your products or Components identified in response to Request No. 1, documents sufficient to identify the product name, model and revision number, and product family.

3. For each of Your products or Components identified in response to Request No. 1, documents sufficient to describe the identification and meaning of all chip or die markings or codes, such as model number, lot code, and the like.

4. Documents sufficient to identify each product of Defendants into which any of your products or Components are incorporated.

5. For each of Your products or Components identified in response to Request No. 1, Documents sufficient to show the supply, manufacturing, and distribution chain for each of Your products or Components, from their point(s) of manufacture to their point(s) of incorporation into any product of Defendants.

6. For each of Your products or Components identified in response to Request No. 1, all Documents Concerning the design, layout, operation, and/or function of any such product or Components, including but not limited to, manufacturing drawings, datasheets, blueprints or other technical diagrams, design and engineering specifications, computer modeling information, Source Code, and development and testing information.

7. All Source Code designed, written, compiled, produced and/or used by You Concerning any Component used in any product sold by or for the benefit of Defendants, and all Documents Concerning such Source Code.

8. All Documents relating to testing and/or certification of any of Your products and/or Components used in any product sold by or for the benefit of Defendants, including Documents relating to compliance with any standard.

9. All Documents and Communications with Defendants Concerning the Accused Products.

10. All Documents and Communications with Defendants Concerning any Component(s).

11. All Documents and Communications with Defendants Concerning Avago, the Litigation, the Patents-in-Suit, or the Letter.

12. All Documents and Communications with Defendants Concerning the Patents-in-Suit.

13. All Documents and Communications Concerning any and all agreements or negotiations for agreements between You and Defendants for the design, manufacture, use, sale, offer for sale, and/or importation of any product or Component for use in any Accused Product.

14. All Documents Concerning the purchase, sale and/or pricing of any product or Component sold to Defendants for use in any Accused Product.

15. All Documents Concerning supply agreements, statements of work, plans of record, purchase orders, engineering requirement specifications, mechanical outlines, and/or the pricing of Components and associated technology between You and Defendants or between You and any Third-Party for any product or Component used in any Accused Products.

16. Documents sufficient to identify on a monthly basis products or Components sold and/or shipped to Defendants.

17. All Documents Concerning any Communications, contacts, licenses, or agreements between You and Defendants Concerning any of the Patents-in-Suit or the subject matter thereof.

18. All Documents Concerning any Communications, contacts, licenses, or agreements between You and any Third-Party Concerning any of the Patents-in-Suit or the subject matter thereof.

67631090V.3