KILPATRICK TOWNSEND & STOCKTON LLP
David E. Sipiora (SBN 124951)
Kristopher L. Reed (SBN 235518)
Matthew C. Holohan (SBN 239040)
Jeffrey M. Connor (*pro hac vice*)
1400 Wewatta St., Suite 600
Denver, CO 80202
Email: dsipiora@kilpatricktownsend.com
Email: kschang@kilpatricktownsend.com
Email: kreed@kilpatricktownsend.com
Email: mholohan@kilpatricktownsend.com
Email: jmconnor@kilpatricktownsend.com
Telephone: (303) 571-4000
Facsimile: (303) 571-4321

Robert J. Artuz (SBN 227789)
Eighth Floor
Two Embarcadero Center
San Francisco, CA 94111
Email: rartuz@kilpatricktownsend.com
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
Avago Technologies General IP (Singapore) Pte. Ltd.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, <br><br> Defendants. | CASE NO. 3:15-CV-04525-EMC <br><br> **STIPULATED [PR~~OPO~~SED] SUPPLEMENTAL PROTECTIVE ORDER FOR ADVANCED MICRO DEVICES TECHNICAL DOCUMENTS AND SOURCE CODE** |

WHEREAS, the Court entered a Protective Order to protect party and nonparty confidential business information in the above-referenced action on June 16, 2015 (ECF No. 33) ("Protective Order"); and



STIPULATED SUPPLEMENTAL PROTECTIVE ORDER — - 1 -

1    WHEREAS, Advanced Micro Devices ("AMD") a nonparty to this action, has agreed to
2 produce certain highly confidential technical information and make certain highly confidential
3 source code available for review;

4    WHEREAS AMD, Plaintiff Avago Technologies General IP (Singapore) Pte. Ltd., and
5 Defendants ASUSTeK Computer Inc. and ASUS Computer International (each a "party" or,
6 collectively, "parties") have agreed to additional provisions to protect against misuse or disclosure
7 of such AMD confidential information;

8    THEREFORE, the parties HEREBY STIPULATE AND AGREE, and request a protective
9 order in accordance with Fed. R. Civ. P. 26(c), as follows:

**A.    Relationship to Protective Order**

This Order shall not diminish any existing restriction with respect to designated materials. The parties acknowledge and agree that this Stipulated Supplemental Order is a supplement to the Protective Order and that the Protective Order applies to all material designated pursuant to this Stipulated Supplemental Protective Order. To the extent that any provisions in this Stipulated Supplemental Protective Order and the Protective Order conflict or otherwise differ, however, the provisions providing the higher level of protection to documents and information shall govern.

**B.    Scope**

This Order shall apply to all AMD technical documents or Source Code that are produced or provided for inspection in this action. The protections conferred by this Stipulated Supplemental Protective Order cover not only designated AMD materials, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Any party who extracts information from designated AMD material is required to appropriately designate any derivative materials created, to the extent that any derivatives are allowed pursuant to this Stipulated Supplemental Protective Order.

**C.    AMD Technical Documents**

Any document that AMD designates as "OUTSIDE COUNSEL EYES ONLY" may not be shared with any in-house counsel under Paragraph 5(c) of the Protective Order. Otherwise, such



1 documents are to receive all the same protections as if they had been designated "RESTRICTED—
2 ATTORNEYS' EYES ONLY" under the Protective Order.

3 **D.     AMD Source Code**

4     1.     AMD Source Code shall mean register transfer level code, firmware, and other
5 source code of AMD that is made available for review under the terms of this Stipulated
6 Supplemental Protective Order.  Nothing in this Stipulated Supplemental Protective Order shall be
7 construed as a representation or admission by AMD that source code is properly discoverable in this
8 action, but the terms of this Stipulated Supplemental Protective Order shall govern in the event that
9 AMD Source Code is made available for review.

10     2.     AMD Source Code shall be made available for inspection electronically at the office
11 of AMD's outside counsel or (at AMD's option) AMD's facility in Austin, Texas, during regular
12 business hours (usually 9 a.m. to 5 p.m. local time).  The parties will work in good faith to select
13 dates for the review.  AMD shall make the AMD Source Code available for inspection on a stand-
14 alone, non-networked personal computer running a reasonably current version of the Microsoft
15 Windows operating system.  If the inspecting parties wish to install any other software on the stand-
16 alone computer for reviewing the AMD Source Code, the inspecting parties shall provide, at their
17 own expense, copies of the requested software at least five (5) days in advance of the date on which
18 they wish to have the software available for use on the stand-alone computer.  AMD shall have an
19 opportunity to review and object to said software for good cause.  Each party shall have access to
20 the Source Code for a total of five (5) consecutive or non-consecutive days during regular business
21 hours over the course of a three-week period, prior to the fact discovery deadline in the case.  If
22 either party requests additional access, AMD will meet and confer.  After meeting and conferring,
23 AMD and/or either party shall be entitled to seek a judicial resolution of whether either party is
24 entitled to additional time to review the source code.

25     3.     At the source code review, the receiving party may identify to AMD the lines of
26 Source Code for which it seeks production of printouts of such lines of code. The receiving party
27 shall request the production of printouts of only such portions of AMD source code as are
28 reasonably necessary to prosecute or defend against (1) Plaintiff's claims of alleged infringement in



1 this case; or (2) Defendants' defenses and counterclaims in this case. If AMD objects that any 2 identified Source Code is not reasonably necessary to any case preparation activity, AMD shall 3 make such objection known to the receiving party within seven (7) business days of the 4 identification of the Source Code by the receiving party. If, after meeting and conferring, AMD and 5 the receiving party cannot resolve the objection, AMD and the receiving party shall each be entitled 6 to seek a judicial resolution of whether or not the identified source code in question is reasonably 7 necessary to any case preparation activity. AMD or its counsel will keep all original printouts. In 8 the absence of any objection, or upon resolution of any dispute by the Court, AMD will provide 9 three (3) hard copies of the printouts to each of counsel for Plaintiff and counsel for Defendants 10 within five (5) business days after the period for objection has expired, AMD and the receiving 11 party have resolved any objection, or the Court has entered an order resolving the dispute in favor 12 of the receiving party.

13     4. Notwithstanding the provisions of Paragraph 10(g) of the Protective Order, and 14 except as provided in Paragraph 9 below, no additional hard copies or electronic copies of the AMD 15 Source Code printouts shall be made by the receiving party in any circumstances. Hard copies of 16 AMD Source Code printouts may not be converted into an electronic document and/or scanned 17 using optical character recognition ("OCR') technology. All AMD Source Code printouts shall be 18 logged by receiving party's outside counsel of record as described in Paragraph D.12 below.

19     5. Persons reviewing AMD Source Code shall not print source code that they have not 20 reviewed at AMD's facility in order to review it elsewhere in the first instance, as all parties 21 acknowledge and agree that the purpose of the protections herein would be frustrated by such 22 actions.

23     6. Parties reviewing AMD Source Code are prohibited from bringing outside electronic 24 devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the 25 review room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, 26 cameras, voice recorders, Dictaphones, external or portable telephone jacks, or other outside 27 electronic devices be permitted inside the review room, except for medical devices, implants, or 28 equipment reasonably necessary for any legitimate medical reason.



7. If any authorized person reviewing AMD Source Code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the secure room. The reviewer may take notes relating to the Source Code but may not copy the Source Code into the notes. All such notes must be marked as "CONFIDENTIAL AMD SOURCE CODE – OUTSIDE COUNSEL EYES ONLY."

8. Where necessary or required by the Court, the receiving party may make copies of AMD Source Code printouts in the form required to be included in pleadings filed under seal, to be included as exhibits in expert reports, or to be used as exhibits in depositions or at trial, but only where: (a) no reasonable alternative (such as referencing the AMD Source Code by page and line number) exists to using AMD Source Code materials; (b) such pleadings, expert reports, and transcripts from such depositions or trial themselves are also designated "CONFIDENTIAL AMD SOURCE CODE – OUTSIDE COUNSEL EYES ONLY"; and (c) the party seeking to use AMD Source Code in this manner notifies AMD at least five business days in advance of doing so. In the event copies of AMD Source Code printouts are used as exhibits at a deposition, the printouts shall not be provided to the court reporter at the conclusion of the deposition. All paper copies of Source Code shall be securely destroyed if they are no longer necessary (*e.g.*, extra copies at the conclusion of a deposition). In no circumstances shall electronic copies of AMD Source Code printouts be made for purpose of service of filings.

9. In addition to other reasonable steps to maintain the security and confidentiality of AMD Source Code printouts, they must be maintained by the receiving party in a locked storage container at outside counsel of record's offices or at the offices of an outside consultant or expert authorized to receive AMD Designated Materials pursuant to Section E when not being actively reviewed. Printouts or copies may not be transferred by U.S. mail or placed in checked luggage; they must be carried personally by an individual responsible for safe-guarding them. Printouts or copies may be transferred using a reliable courier service such as FedEx, UPS, and the like, so long as package tracking is used.

10. The receiving party's outside counsel of record shall keep detailed log(s) recording the identity of each individual beyond outside counsel of record to whom each hard copy of any AMD Source Code printout was provided or made available, when it was provided or made available to that person, and which pages were accessed. AMD may request in writing (including email) a copy of the log at any time, and the log must be provided by the receiving party within fourteen (14) days of any such request.

11. Unless otherwise ordered by the Court or permitted in writing by AMD, a receiving party may disclose any information, document, or thing designated "CONFIDENTIAL AMD SOURCE CODE – OUTSIDE COUNSEL EYES ONLY" only to those persons identified in Paragraphs 5(a), 5(b), 5(e) (as modified in Section E below), and 5(g) of the Protective Order. For clarity, an outside consultant's or expert's direct reports and supporting personnel may not be allowed access as contemplated by Footnote 2 on page 6 of the Protective Order unless they are separately disclosed to AMD pursuant to the requirements of Paragraph 5(e). Additionally, unless otherwise ordered or agreed in writing by AMD, which agreement shall not be unreasonably withheld, AMD Source Code printouts may not be disclosed to document vendors (such as third-party copy vendors) or mock jurors.

12. The parties acknowledge that AMD Source Code printouts also may be subject to the US government export control and economic sanctions laws, including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"). Receiving parties and their Outside Consultants may not directly or indirectly export, re-export, transfer or release (collectively, "Export") any AMD Source Code printout to any destination, person, or entity outside the United States.

13. Any party intending to disclose or discuss AMD Source Code printouts at depositions must give at least seven (7) days' advance notice to AMD. In the event a deposition is scheduled with less than five (5) days' advance notice, the party intending to disclose or discuss

1 AMD Source Code printouts at that deposition will give as much advance notice to AMD as
2 possible.

3 **E.      Disclosure of AMD Designated Materials to Consultants and Experts**

4 Any party wishing to disclose materials designated by AMD as "CONFIDENTIAL AMD
5 SOURCE CODE – OUTSIDE COUNSEL EYES ONLY" or "OUTSIDE COUNSEL EYES
6 ONLY" to any outside consultant or expert may do so only after complying with the notice
7 provisions of Paragraph 5(e) of the Protective Order (except that AMD shall have fourteen days
8 from the date of the objection to file any motion seeking a protective order, if the parties are unable
9 to negotiate a resolution without motion practice meanwhile) and providing AMD with an executed
10 version of the Certification found in Exhibit 1 to this Stipulated Supplemental Protective Order for
11 each such outside consultant or expert.

12 **F.      Notice Before Use at Hearing or Trial**

13 Notwithstanding the provisions of Paragraph 17 of the Protective Order, any party using any
14 designated AMD information at any hearing or trial in this litigation must give AMD at least
15 fourteen (14) days' advance notice of their intent to do so.

16 **G.      Prosecution, Development, and Patent Acquisition Consulting Bar**

17 1.    Unless otherwise permitted in writing between AMD and any receiving party, any
18 individual who personally receives any material designated "CONFIDENTIAL AMD SOURCE
19 CODE – OUTSIDE COUNSEL EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" shall not
20 participate in amending or drafting patent specifications or claims before a Patent Office of any
21 patent or patent application substantially related to the particular technology or information
22 disclosed in the designated AMD materials, from the time of receipt of such material through until
23 at least two years after the individual person(s) cease to have access to the designated materials (and
24 any derivative materials).  This provision shall not apply to post-grant adversarial proceedings,
25 including reexamination or opposition proceedings filed in relation to the patents-in-suit or foreign
26 counterparts.

27 2.    Unless otherwise permitted in writing between AMD and any receiving party, any
28 Outside Consultant retained on behalf of any receiving party who is to be given access to material



STIPULATED SUPPLEMENTAL PROTECTIVE ORDER                                                    - 7 -

designated as "CONFIDENTIAL AMD SOURCE CODE – OUTSIDE COUNSEL EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" must agree in writing not to perform commercial product development work substantially related to the particular technology or information disclosed in the designated AMD materials from the time of first receipt of such material through until at least two years after the Outside Consultant ceases to have access to the designated material (and any derivative materials).

3. Unless otherwise permitted in writing between AMD and any receiving party, any Outside Consultant retained on behalf of the receiving party and any Outside Counsel for the receiving party who is to be given access to material designated as "CONFIDENTIAL AMD SOURCE CODE – OUTSIDE COUNSEL EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" must agree in writing not to advise anyone regarding the purchase or acquisition of patents for assertion against AMD from the time of first review of such material and through two years after their last access to the designated materials (and any derivative materials).

**H. Duration**

Even after the termination of this action, the confidentiality and other obligations imposed by this Stipulated Supplemental Protective Order shall remain in effect.

//
//
//
//
//
//
//
//
//
//
//
//



## I.   Final Disposition

The provisions of Paragraph 23 of the Protective Order shall apply to designated AMD materials except that, for clarity, all copies of all AMD Source Code printouts shall be returned to AMD or AMD's outside counsel within 30 days of the conclusion of this litigation.

Dated:  March 11, 2016

Respectfully submitted,

*/s/ Matthew C. Holohan*
Matthew C. Holohan
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street
Suite 600
Denver, CO 80202
Telephone:   (303) 405-1477
Facsimile:    (303) 379-5676
Email: MHolohan@kilpatricktownsend.com

*Counsel for Plaintiff Avago Technologies General IP (Singapore) Pte. Ltd.*

Respectfully submitted,

*/s/Michael J. Newton (with permission)*
Michael J. Newton
ALSTON & BIRD LLP
2828 North Harwood Street
18th Floor
Dallas, TX 75201
Telephone:   (214) 922-3423
Facsimile:    (214) 922-3863
Email:        Mike.Newton@alston.com

*Counsel for Defendants ASUSTeK Computer, Inc. and ASUS Computer International*

IT IS SO ORDERED

DATED: 3/15/2016

IT IS SO ORDERED
Judge Edward M. Chen



STIPULATED SUPPLEMENTAL PROTECTIVE ORDER — - 9 -

**EXHIBIT 1**

**CERTIFICATION OF CONSULTANT REGARDING STIPULATED SUPPLEMENTAL PROTECTIVE ORDER FOR AMD CONFIDENTIAL MATERIALS**

I, _____, of _____, am an employee of _____. I am not an employee of the party who retained me in this action, nor am I an employee of a competitor of either AMD or any party to this action. I will not use any AMD confidential materials or any information derived from them for any purpose other than my work in this litigation, *Avago Technologies General IP (Singapore) Pte. Ltd. v. ASUSTek Computer Inc. and ASUS Computer International*, Case No. 2:15-cv-239 (E.D. Tex.). I agree not to participate in amending or drafting patent specifications or claims before a Patent Office of any patent or patent application substantially related to the particular technology or information disclosed in any designated AMD materials, I agree not to perform commercial product development work relating to the technology or information disclosed in any designated AMD materials, and I agree not to advise anyone regarding the purchase or acquisition of patents for assertion against AMD having claims that read on AMD products from the time of my first review of such material and through until two years after I last access any AMD material designated "CONFIDENTIAL AMD SOURCE CODE – OUTSIDE COUNSEL EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" as well as any materials that contain or disclose AMD Material so designated.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed On_____.

_____
[Printed Name]

_____
[Signature]

68283655V.1