UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE LTD.,, <br><br> Plaintiff, <br><br> v. <br><br> ASUSTEK COMPUTER, INC., et al., <br><br> Defendants. | Case No.  15-cv-04525-EMC   (DMR) <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTIONS TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 108, 152 |

Before the court are two motions to seal by Plaintiff Avago Technologies General IP (Singapore) Pte. Ltd. ("Avago"), joined by Defendants ASUSTeK Computer Inc. and ASUS Computer International (collectively, "ASUS"). [Docket Nos. 108, 152.] The parties seek to seal Exhibit 10 to the Holohan Declaration in support of Plaintiff's Motion to Compel [Docket No. 108-3], and Exhibit 1 to the parties' Joint Discovery Letter Brief. [Docket No. 152-3]. Avago asserts that both exhibits consist entirely of pages from ASUS's interrogatory responses that ASUS has designated as "Restricted—Attorney's Eyes Only." Docket Nos. 108-1 at ¶ 4, 152, 152-1.[1]

Pursuant to Civil Local Rule 79–5(b), orders to seal "may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Under Federal Rule of Civil Procedure 26(c) a district court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense in discovery. Fed. R. Civ. P. 26(c). A particularized showing of good cause will "suffice [] to warrant preserving the secrecy of sealed

---

[1] Avago moved to file the exhibits under seal because ASUS had designated the information contained in the exhibits as confidential pursuant to the Protective Order. As the designating party, ASUS was then required to file a declaration establishing that all of the designated material is sealable.   Civil L.R. 79-5(e)(1).

discovery material attached to non-dispositive motions," such as this discovery motion. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). All requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil L. R. 79–5(b).

ASUS has filed the Lee Declaration,[2] [Docket No. 171], which generally states that the interrogatory responses in the exhibits at issue contain confidential and/or proprietary information related to ASUS's products that are not disclosed publically as part of its business. Lee Decl. ¶ 3. This is insufficient to establish the "good cause" standard, as well as the "narrowly tailored" standard, because it requests that the entire exhibits be sealed, instead of specifying targeted sealable information within each exhibit. For example, the Lee Declaration states that interrogatory responses 25 and 26 are sealable because they identify ASUS's third-party OEM/EMS vendors and component suppliers. While the specific identities of vendors and suppliers may be subject to protection, other information contained in the discovery response is not, such as ASUS's objections, or references to Bates ranges of documents and ASUS's publically accessible website.

Therefore, Avago's motions to file under seal [Docket Nos. 108 and 152] are denied without prejudice. Within one week of this order, ASUS shall file a declaration in support of each of Avago's motions to file under seal [Docket Nos. 108 and 152] establishing that certain designated material is sealable as required by Civil Local Rule 79-5(e). The declarations shall comply with the requirements of Civil Local Rule 79-5(d)(1)(A) and should be narrowly tailored to only seek redaction of sealable material. Because ASUS's declarations will not be seeking to seal the exhibits in their entirety, ASUS shall also file a proposed order with each declaration that

///
///
///
///

---

[2] Although the Lee Declaration [Docket No. 171] only seeks to seal certain information in Exhibit 1 [Docket No. 152], the court will construe it as seeking to seal the identical information contained in Exhibit 10 [Docket No. 108-1.].

1  is narrowly tailored to seal only the sealable material, and that lists in table format each document
2  or portion thereof that is sought to be sealed.  *See* Civil L.R. 79-5(d)(1)(B).

**IT IS SO ORDERED.**

Dated: March 16, 2016



_____
Donna M. Ryu
United States Magistrate Judge