UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE LTD.,, <br><br> Plaintiff, <br><br> v. <br><br> ASUSTEK COMPUTER, INC., et al., <br><br> Defendants. | Case No. 15-cv-04525-EMC <br><br> **ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SANCTIONS** <br><br> Docket No. 218 |

Plaintiff Avago Technologies General IP (Singapore) Pte. Ltd. ("Avago") has filed a patent infringement suit against Defendants ASUSTeK Computer Inc. and ASUS Computer International (collectively, "ASUS"). Currently pending before the Court is ASUS's motion for Rule 11 sanctions. In its motion, ASUS contends that Avago should be sanctioned because (1) it served deficient preliminary infringement contentions ("PICs"), *see, e.g.*, Mot. at 13 (arguing that Avago's "infringement claims [have] no reasonable, factual basis, as demonstrated by the significant deficiencies in Avago's PICs"), and because (2) it did not remove certain products from its accused product list which is inconsistent with a disclaimer related to Intel in its complaint. *See, e.g.*, Mot. at 11, 15 (arguing that 159 of the more than 200 accused products should be removed from the lawsuit based on Avago's Intel disclaimer, as stated in its complaint).

ASUS's motion is denied because it is procedurally improper and/or premature.[1] If Avago served deficient PICs, then ASUS should have filed a discovery motion or even, potentially, a motion for summary judgment. Similarly, if Avago should have removed additional products

---

[1] For purposes of this opinion, the Court assumes that ASUS's motion is timely.

from its accused product list, then ASUS should have filed a motion for summary judgment. The bottom line is that the Court will not make a judgment on the substantive merits of this case in the context of a motion for sanctions.

Accordingly, the motion for sanctions is hereby **DENIED** and the hearing on the motion is **VACATED**. This ruling does not preclude ASUS from raising the same or similar issues through a different procedural vehicle. Nor does this ruling preclude ASUS from filing a new Rule 11 motion after the merits of this case have been adjudicated. Finally, the Court's ruling herein casts no prejudgment on any motion to amend the PICs, should such a motion be filed by Avago. To the extent Avago seeks fees for having to oppose the current Rule 11 motion, that request is also denied.[2]

This order disposes of Docket No. 218.

**IT IS SO ORDERED**.

Dated: August 18, 2016

_____
EDWARD M. CHEN
United States District Judge

---

[2] The Court shall shortly issue rulings on the motions to file under seal related to the motion for sanctions.