KILPATRICK TOWNSEND & STOCKTON LLP
David E. Sipiora (SBN 124951)
Kristopher L. Reed (SBN 235518)
Matthew C. Holohan (SBN 239040)
1400 Wewatta St., Suite 600
Denver, CO 80202
Telephone:    (303) 571-4000
Facsimile:    (303) 571-4321
Email:    dsipiora@kilpatricktownsend.com
    kreed@kilpatricktownsend.com
    mholohan@kilpatricktownsend.com

Robert J. Artuz (SBN 227789)
Eighth Floor, Two Embarcadero Center
San Francisco, CA 94111
Telephone:    (415) 273-4713
Facsimile:    (415) 576-0300
Email:    rartuz@kilpatricktownsend.com

Attorneys for Plaintiff

AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, <br><br> Defendants. | CASE NO. 3:15-CV-04525-EMC <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSE OF LICENSE** <br><br> Date: October 27, 2016 <br> Time: 1:30 p.m. <br> Judge: Hon. Edward M. Chen |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.      INTRODUCTION ....................................................................................................... 2

II.     UNDISPUTED FACTS ............................................................................................. 2

III.    LEGAL STANDARD ................................................................................................ 5

        A.      SUMMARY JUDGMENT ............................................................................ 5

        B.      CONTRACT INTERPRETATION ............................................................... 6

IV.     ARGUMENT .............................................................................................................. 7

V.      CONCLUSION ........................................................................................................... 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................. 6

*Brinson v. Linda Rose Joint Venture*,
   53 F.3d 1044 (9th Cir. 1995) ................................................................................... 6

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................. 6

*Charney v. Am. Apparel, Inc.*,
   No. CV 11098-CB, 2015 WL 5313769 (Del. Ch. Sept. 11, 2015) .............................. 7

*MedImmune, LLC v. PDL BioPharma, Inc.*,
   No. C 08-5590 JF HRL, 2011 WL 61191 (N.D. Cal. Jan. 7, 2011) ........................... 6

*Sassano v. CIBC World Markets Corp.*,
   948 A.2d 453 (Del. Ch. 2008) .................................................................................. 6

*Texas Instruments, Inv. v. Tessera, Inc.*,
   231 F.3d 1325 (Fed.Cir. 2000) ................................................................................. 6

**Other Authorities**

Fed. R. Civ. P. 56(a) ....................................................................................................... 6, 9

Fed. R. Civ. P. 56 (e) ......................................................................................................... 6

Rule 56(c) ........................................................................................................................... 6

1

## NOTICE OF MOTION

2 TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

3 PLEASE TAKE NOTICE that on October 27, 2016, at 1:30 p.m., or as soon thereafter as

4 counsel may be heard before the Honorable Edward M. Chen, in the United States District Court

5 for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco,

6 California, Plaintiff Avago Technologies General IP (Singapore) Pte. Ltd.'s ("Avago") will move

7 and hereby does move this Court for an order granting partial summary adjudication of Defendants

8 ASUSTeK Computer Inc. and ASUS Computer International's (collectively, "ASUS") affirmative

9 defense of license.

10 As discussed below, Avago respectfully requests that the court grant its Motion for Partial

11 Summary Judgment on Defendants' Affirmative Defense of License and order that, for all

12 ███████████████████████████████████████████████

13 ███████████████████████████████████████████████

14 ███████████████████████████████████████

15 This motion is based upon this Notice of Motion, the accompanying Memorandum of

16 Points and Authorities, the Declaration and exhibits in support of, any reply papers which may be

17 filed, and such other arguments and evidence as may be brought before the Court prior to or at the

18 hearing of this motion.

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### I.   INTRODUCTION

Avago respectfully moves this Court for partial summary judgment on ASUS's affirmative defense of license.  ASUS is improperly attempting to limit the royalty base of Accused Products at issue in this case by relying on an incorrect interpretation of two license agreements between Avago and Intel Corp. ("Intel") ("the Intel Agreements").  By employing its faulty contract interpretation, ASUS is attempting to remove a substantial number of products from the damages royalty base ███████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████ As contract interpretation is a matter of law for the Court to decide, and as the plain language of the agreements at issue contradicts ASUS's interpretation, summary judgment is appropriate.

### II.   UNDISPUTED FACTS

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████

████████████████████████████████

████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████







*Id.*

Based on the Intel Agreements, ASUS now seeks to exclude a large subset of accused products at issue in this case. As seen in the Rebuttal Expert Report of David Kennedy, ASUS seeks to remove numerous products accused of infringing the '087, '830, '387, and '663 patents purportedly because of the Intel Agreements (products utilizing CPU and GPU chipsets from Intel), and in doing so, Mr. Kennedy relies solely "on ASUS's counsel's interpretation of the Intel agreements with LSI Logic in 2005 and with LSI Corp in 2007." *See* Dallow Decl., ¶ 4, Ex. 3.

As explained below, ASUS and Mr. Kennedy improperly seek to remove products that

Accordingly, Avago respectfully requests the Court grant its Motion for Partial Summary Judgment on Defendants' Affirmative Defense of License and order that, for all

## III.   LEGAL STANDARD

### A.   Summary Judgment

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any

1  material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

2  56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986).  Substantive law determines

3  which facts are material, and "only disputes over facts that might affect the outcome of the suit

4  under the governing law will properly preclude the entry of summary judgment."  *See Anderson v.*

5  *Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).  The dispute must be genuine, that is "the evidence

6  [must be] such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

7      The party opposing summary judgment "may not rest upon the mere allegations or denials

8  of [the party's] pleadings, but … must set forth specific facts showing that there is a genuine issue

9  for trial." Fed. R. Civ. P. 56 (e); *see Brinson v. Linda Rose Joint Venture,* 53 F.3d 1044, 1049 (9[th]

10  Cir. 1995).  Consistent with the standards of Rule 56(c), summary judgment may be entered where

11  the non-moving party "fail[s] to make a showing sufficient to establish the existence of an

12  essential element to [its] case." *Celotex* 477 U.S. at 322.  The non-moving party must point to

13  specific facts showing there is a genuine issue for trial by proffering "'significant probative

14  evidence tending to support the complaint.'"  *Anderson*, 477 U.S. at 248-9.

15      **B.    Contract Interpretation**

16      The interpretation of private contracts, including patent licenses, ordinarily is a question of

17  state law. *Texas Instruments, Inv. v. Tessera, Inc.*, 231 F.3d 1325, 1329 (Fed.Cir. 2000) (citing

18  *Volt Info. Sci., Inc. v. Bd. of Tr. Of Leland Stanford Junior Univ.*, 489 U.S. 468, 474, 109 S.Ct.

19  1248, 103 L.Ed. 2d 488 (1989)); *see also MedImmune, LLC v. PDL BioPharma, Inc.*, No. C 08-

20  5590 JF HRL, 2011 WL 61191, at *16 (N.D. Cal. Jan. 7, 2011).

21                    Under Delaware law, the "proper construction of any contract ... is

22  purely a question of law." *Sassano v. CIBC World Markets Corp.*, 948 A.2d 453, 462 (Del. Ch.

23  2008).  "When interpreting a contract, the role of a court is to effectuate the parties' intent.  In

24  doing so, [a court is] constrained by a combination of the parties' words and the plain meaning of

25

26  ▌

27

28                    Dallow Decl.  (¶6.8 of 2005 PLA)

1  those words where no special meaning is intended." *Charney v. Am. Apparel, Inc.*, No. CV

2  11098-CB, 2015 WL 5313769, at *12 (Del. Ch. Sept. 11, 2015). "The language of the

3  [a]greement must therefore be the starting point" and "[c]ontract terms themselves will be

4  controlling when they establish the parties' common meaning so that a reasonable person in the

5  position of either party would have no expectations inconsistent with the contract language." *Id.*

6  Delaware courts also construe agreements as a whole and give meaning to all provisions. *Id.*

7  **IV.    ARGUMENT**

8        As shown above and discussed further below, the license granted in the Intel Agreements,

9

10

11

12  However, ASUS is attempting to limit the royalty base of Accused Products by excluding numerous

13  products that embody these exact combinations.

14        In its Rebuttal Expert Report, ASUS seeks to exclude numerous products accused of

15  infringing the '087, '830, '387, and '663 patents (products utilizing CPU and GPU chipsets from

16  Intel) purportedly because of the Intel Agreements, and in doing so, Mr. Kennedy relies solely "on

17  ASUS's counsel's interpretation of the Intel agreements with LSI Logic in 2005 and with LSI Corp

18  in 2007." *See* Dallow Decl. ¶ 4, Ex. 3. However, Avago's attorneys have disclaimed any

19  infringement allegations directed toward products in which *all* limitations of a patent claim are met

20  by an Intel component. *See, e.g.*, Dkt. No. 218-8. Further, on June 13, 2016, Avago withdrew fifty-

21  six ASUS products accused of infringing the '663 and '387 Patents and twenty-nine ASUS products

22  accused of infringing the '148 Patent, and on June 17, 2016, Avago withdrew twenty-nine ASUS

23  products accused of infringing the '663 and '387 Patents and ten ASUS products accused of

24  infringing the '148 Patent. Dkt. No. 218-22; Dkt. No. 218-24. Thus, all Accused Products covered

25  by the Intel Agreements have been removed from the case, either explicitly by product number or

26  through Avago's counsel's express disclaimer.[3]

27

28  [3] Avago does note that ASUS Internal Product No. 90N2VC152D2291SX158Y was erroneously
included in the pool of Accused Products for the '148 Patent and Avago will correct this error in

1    Nonetheless, the products ASUS seeks to exclude include products with third-party

2 operating system software and/or GPUs where the infringing activity is found in these third-party

3 (non-Intel) components operating on Intel processors. ███████████████████████

4 ███████ as shown by the plain language of the agreement.  First, the components of the accused

5 ASUS Products do not meet the definition of ██████████████████████████

6 ███████████████████████████████████████████████

7 ██████████████████████████████   Second, the combinations at

8 issue ████████████████████████████████████████████

9 ███████████████████████████████████████   *See*

10 Dallow Decl.¶ 3, Ex. 2. ████████████████████████

11 ███████████████████████████████████████████████

12 ███████████████████████████████████████████████

13 ███████████   *Id.* █████████████████████████

14 ████████████████████████████████████████

15 ███████████████████████████████████████

16 ████████████████████████████████   *Id.*

17    In fact, the language explicitly states, ██████████████████████

18 ███████████████████████████████████████████████

19 ███████████████████████████████████████████████

20 ███████████████████████████████████████████

21 █████████████████████████████████████████

22 █████████████████████████████████████████

23 ██████████████████████   *Id.* (emphasis added).  As such, ████████

24 ███████████████████████████████████████████████

25 ██████████████████████████████   and are properly included in the list of Accused

26 Products at issue in this litigation.

27

28 its upcoming Supplemental Damages Report, once ASUS has produced supplemental sales
information.

1    Despite this clear language, ASUS and Mr. Kennedy exclude from the damages royalty base

2  products that are not within the Intel Agreements.  ASUS has not raised a license defense

3  concerning any other product that remains at issue in the case.  Thus, as a matter of law, ASUS's

4  license defense fails and partial summary judgment on ASUS's license defense is proper.  *See* Fed.

5  R. Civ. P. 56(a) (a court must grant summary judgment if the pleadings and supporting documents,

6  viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as

7  to any material fact and that the moving party is entitled to judgment as a matter of law").

8  **V.      CONCLUSION**

9    Based on the foregoing, there is no genuine issue of material fact as to the scope of the Intel

10  Agreements in regard to ASUS products including combinations of an Intel chip with third-party

11  computer operating system software or GPUs.  Thus, Avago respectfully requests that the Court

12  grant its Motion for Partial Summary Judgment on Defendants' Affirmative Defense of License.

13

14  Dated:  September 22, 2016          Respectfully Submitted,

15                                      KILPATRICK TOWNSEND & STOCKTON LLP

16

17                        By:    */s/ David E. Sipiora*
                                 David E. Sipiora (SBN 124951)
18                               Kristopher L. Reed (SBN 235518)
                                 Matthew C. Holohan (SBN 239040)
19                               1400 Wewatta Street, Suite 600
                                 Denver, CO  80202
20                               Telephone:    (303) 571-4000
                                 Facsimile:    (303) 571-4321
21                               Email:        dsipiora@kilpatricktownsend.com
                                               kreed@kilpatricktownsend.com
22                                             mholohan@kilpatricktownsend.com

23                               Robert J. Artuz (SBN 227789)
                                 19th Floor, Two Embarcadero Center
24                               San Francisco, CA 94111
                                 Telephone:    (415) 273-4713
25                               Facsimile:    (415) 576-0300
                                 Email: rartuz@kilpatricktownsend.com

26                               Attorneys for Plaintiff AVAGO TECHNOLOGIES
                                 GENERAL IP (SINGAPORE) PTE. LTD.
27

28