UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE LTD.,, <br><br> Plaintiff, <br><br> v. <br><br> ASUSTEK COMPUTER, INC., et al., <br><br> Defendants. | Case No. 15-cv-04525-EMC <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES WITHOUT PREJUDICE** <br><br> Docket No. 394 |

Following a final judgment in its favor, *see* Docket No. 388 (final judgment), ASUS filed the currently pending motion for attorneys' fees. After ASUS filed its motion, Avago appealed the final judgment to the Federal Circuit. Having considered the parties' briefs and accompanying submissions, the Court hereby finds ASUS's fee motion suitable for disposition without oral argument. The Court thus **VACATES** the hearing set for February 9, 2017. ASUS's motion is hereby **DENIED** without prejudice.

As Avago notes, "[i]f an appeal on the merits of the case is taken, a court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) [of Federal Rule of Civil Procedure 54] a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54, 1993 advisory committee notes. While, "[i]n some circumstances, it can be beneficial to address a motion for attorneys' fees shortly after the resolution of the action," it may be preferable to defer consideration of the motion until after the appeal is resolved, "'[p]articularly if the claim for fees involve substantial issues or is likely to be affected by the appellate decision.'" *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-CV-1067-BEN (JLB), 2014 U.S. Dist. LEXIS 89567, at *3-4 (S.D. Cal. June 24, 2014)

(quoting 1993 advisory committee notes for Rule 58).

In the instant case, the Court concludes – in the exercise of its discretion – that the proper course to take is to deny ASUS' fee motion, without prejudice and with leave to re-file after resolution of the appeal. The Federal Circuit's

> decision could have an impact on this Court's determination of whether this is an "exceptional" case [under 35 U.S.C. § 285]. The Court determines that it would be most efficient to consider a motion for attorneys' fees after the appeal has been resolved. Dismissal allows the parties an opportunity to argue the merits of the motion in light of the appellate disposition, should [ASUS] choose to renew its motion.

*Id.* at *6; *see also* Dallow Decl., Ex. 3 (*Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc.*, No. C-97-4617 VRW (N.D. Cal.) (concluding that "deferral is the prudent, efficient course given the number of issues involved in the appeal, disposition of which could result in either wasted or duplicated effort if the court were to proceed to [the fee motion] at this juncture"). The Court also notes that there is no apparent irreparable injury to ASUS if its fee motion were to be, in effect, deferred until after the appeal.

ASUS cites case law in which a court has exercised its discretion to resolve a fee motion in spite of a pending appeal. But *Kinglite Holdings, Inc. v. Micro-Star International Co.*, No. CV 14-03009 JVS(PJWx), 2016 U.S. Dist. LEXIS 113284 (C.D. Cal. June 23, 2016), is not entirely on point. *See, e.g., id.* at *15 ("conclud[ing] it is appropriate for the Court to make an exceptional case determination as to a single phase of complex patent litigation and therefore conclud[ing] it is not premature to make an exceptional case determination in this case").

Admittedly, *Kinglite* and another district court opinion cited by ASUS do make the point that resolving a fee motion immediately will allow for appeal of that determination so that the Federal Circuit may consider all issues at once. But the bottom line is that a court has the flexibility to decide, on a case-by-case basis, what the best approach is. Because the claim for fees involves substantial issues currently on appeal, the Court concludes that the best approach in this case is to, in essence, defer the fee motion.

///

///

2

Accordingly, ASUS's fee motion is denied without prejudice.  ASUS has leave to re-file a motion for fees within thirty (30) days after the Federal Circuit's mandate on the appeal has issued.

This order disposes of Docket No. 394.

**IT IS SO ORDERED**.

Dated: January 25, 2017

_____
EDWARD M. CHEN
United States District Judge